UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.   2:25-cv-08816-AH-(DFMx)                           Date   October 7, 2025

Title   *Barbara Gomes Marques May v. Thomas Giles et al.*

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                             None Present

**Proceedings:   (IN CHAMBERS) ORDER TO FILE AND SERVE AMENDED HABEAS PETITION**

On October 3, 2025, Petitioner filed an ex parte application for a temporary restraining order. Dkt. No. 12. Respondents opposed. Dkt. No. 16. The Court has reviewed the parties' supplemental briefing. Dkt. Nos. 15, 16.

Petitioner asserts that she will file an amended habeas petition "seek[ing] release." Dkt. No. 15 at 5. However, Petitioner concedes that she is not eligible for statutory relief and also acknowledges *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("After this *6–month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added). *Id*. Petitioner has apparently been in custody for less than one month. Dkt No. 16 at 1. Accordingly, it remains unclear what claims Petitioner seeks to assert, as well as her likelihood of success on the merits.

The Court therefore orders Petitioner to file and serve the amended habeas petition by October 8, 2025, at 5:00 p.m. The amended petition shall be accompanied by supplemental points and authorities, as well as all supporting evidence (including a copy of any order by an Immigration Judge staying the

removal order, if relevant).  Petitioner's briefing shall also respond to Respondents' briefing and address this Court's jurisdiction over the amended claims.  Dkt. No. 16; *see also Pinson v. Carvajal*, 69 F.4th 1059, 1062 (9th Cir. 2023) (holding that Petitioners' claims "challenging conditions of confinement, not the fact or duration of confinement, . . . did not properly sound in habeas").

**IT IS SO ORDERED.**